Josephine Linker Hart, Justice, dissenting. One of the best-known aphorisms in the legal world is “hard facts make bad law.” I am aware of no better example than today’s majority decision. Be assured that I do not endorse, condone, or even begin to understand the type of perversion that appellant espouses. However, personal opinions and feelings have no part in our review of a case. I therefore respectfully dissent. During the penalty phase of appellant’s trial, a jury found him guilty of two counts of conspiracy to commit rape.[1] The victims in this case were not flesh and blood human beings, but were fictitious prepubescent children who were part of a story concocted by the Faulkner County Sheriffs Department to discover sexual predators on the internet. This evidence included “snuff’ images of fully mature adult women posing as though they had been impaled with a metal rod through their vaginas. The State also admitted portions of |7the appellant’s “chats” with a Faulkner County Deputy Sheriff that covered every conceivable type of sexual perversion. The fantasies that had previously been redacted from the transcripts of the chats involved adult women. Appellant argues that the circuit court abused its discretion when it admitted this evidence because it was irrelevant to the charged offense, and it was unduly prejudicial, thus violating Arkansas Rules of Evidence 401-403. The evidence in question was purportedly admitted to show appellant’s “character.” The majority’s analysis why the evidence in question is “character” evidence, is inscrutable. Without citation of authority, it states, “The snuff-sex evidence presented by the State in the sentencing phase also includes deviant sexual activity on the part of the appellant in both fantasy and in taking initial actions toward that fantasy and is therefore relevant character evidence.” This rationale has no basis in our rules of evidence. This evidence is not admissible to prove that appellant acted in conformity with prior bad acts. Ark. R. Evid. 404. It is therefore certainly not admissible to prove that he might act in conformity with the bad act that he was convicted of in the guilt phase of his trial. Id. Moreover, the majority does not seem to realize that the phrase “deviate sexual activity” is a term defined by statute—Arkansas Code Annotated section 5-14-101(1) (Repl. 2013). “Deviate sexual activity” does broadly refer to all types of sexual perversion. The majority also suggests that the snuff-sex evidence was relevant because it was part of the internet chat that constituted the conspiracy. I note, however, that snuff sex involving the children was expressly rejected by appellant’s co-conspirator and thus was not part of the plan. Accordingly, frather discussion of snuff sex was redacted from the transcript [sthat was used during the guilt phase of the trial and likewise should not have been introduced during the sentencing phase. The evidence listed in Arkansas Code Annotated section 16-97-103 “must be governed by our rules of admissibility and exclusion; otherwise the proceedings would not pass constitutional muster.” Walls v. State, 336 Ark. 490, 493, 986 S.W.2d 397, 399 (1999). Accordingly, courts must still detennine whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice under Rule 403. The Walls court reversed a sentencing order because the circuit court admitted evidence of uncharged crimes as character evidence. Here, the “snuff sex” evidence related to appellant’s fantasy to commit a homicide as an act of deviate sex. As in Walls, appellant was not charged with conspiracy to commit any type of homicide offense. The evidence in the case before us is not only inadmissible because it is not relevant, it is also more prejudicial than probative. Id.; Ark. R. Evid. 403. Finally, the majority asserts that admission of the evidence was not reversible error because appellant has made only a “conclusory” argument that he was prejudiced. However, the sentence for each count was the maximum allowable by law for conspiracy to commit rape, even though there was no flesh-and-blood victim and appellant’s co-conspirator was a police officer who convinced appellant that she subscribed to the same deviate sexual fantasies that he did and loved him for it. Therefore, evidence that appellant may have aspired to act out even more horrendous fantasies may well have played a deciding role in the jury’s decision that, given appellant’s age, appellant would likely serve out the rest of his life in prison. As jurists, we have an obligation to keep the law straight. Deeply rooted in American jurisprudence is the fundamental concept that the punishment must fit the crime. See Alford v. State, 223 Ark. 330, 266 S.W.2d 804 (1954). In Walls, supra, Walls pleaded guilty to five counts of rape and nolo contendere to another. The victims were flesh-and-blood members of the Boy Scout troop that he led. Id. Yet, the Arkansas Supreme Court reversed Walls’s sentencing because the circuit court allowed testimony regarding the uncharged crime that Walls solicited one of his victims, Heath Stocks, to murder Stocks’s mother, father, and sister. Id. The sentencing-phase evidence in Walls involved acts, not fantasies and, arguably even had a nexus to the crimes that Walls was being sentenced for. Id. The Walls court rejected the State’s contention that the evidence was admissible under section 16-97-103 because it was not relevant and—despite the failure to make a specific objection citing Rule 403 of the Arkansas Rules of Evidence—the evidence was more prejudicial than probative. Id. Simply stated, the case before us does not comport with this court’s holding in Walls. I doubt few people will mourn the fate of an aspiring child molester. However, it is only a small step from today’s majority opinion to sanctioning harsh sentences for petty crimes simply because the perpetrator posts “smack talk” on the internet. To see the soundness of this dissenting opinion, one need look no further than what children are posting on social media. I would reverse and remand this case for a new sentencing hearing. I therefore respectfully dissent. . The two counts of conspiracy to commit rape in appellant's felony information were identical: CONSPIRACY TO COMMIT RAPE ARK. CODE ANN. 5-14-103. The said defendant in FAULKNER COUNTY, did unlawfully and feloniously on or about August 21, 2014, to September 9, 2014 conspire to the crime of Rape. Engage in sexual intercourse or deviate sexual activity with another person who is less than 14 years of age, to wit, committed the overt act of sending confirmation of reservation of a rental house to his co-conspirator on 9/5/14 and or travel to Conway, Arkansas on 9/9/14 to pick up the minor child and/or bring the child a gift on 9/9/14 in furtherance of the conspiracy.